<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GENERAL ELECTRIC CAPITAL CORPORATION,**<br><br>*Plaintiff*,<br><br>v.<br><br>**AUTOMATED DIGITAL CONSULTANTS, INC.,**<br><br>*Defendant.* | **Civil Action No. 15-1682**<br><br>**OPINION** |

**ARLEO, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court on Plaintiff General Electric Capital Corporation's ("Plaintiff") motion for final judgment by default against Defendant Automated Digital Consultants, Inc. ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b). For the reasons set forth herein, the motion is **DENIED** for failure to provide sufficient proof of damages.

**I.   BACKGROUND**

In February 2008, Plaintiff and Defendant entered into a Strategic Alliance Agreement ("Agreement"). Compl. ¶ 5, Dkt. No. 1. The Agreement allowed Defendant to refer to Plaintiff any customers who wanted to finance or lease equipment that Defendant manufactured or distributed. Id. ¶ 6. The Agreement contained a warranty that Defendant would not enter a transaction with Plaintiff if Defendant was aware of "any fact or circumstance that would reasonably have a negative impact on that Transaction, the Equipment or the financial condition or business of the applicable Customer . . . ." Id. ¶ 8. Defendant also promised that it would only involve Plaintiff in transactions for new equipment, unless Plaintiff otherwise approved in writing.

1

Id. ¶ 9.  Additionally, the Agreement contained a hold-harmless provision where Defendant promised to indemnify Plaintiff for any losses suffered, including reasonable attorney's fees and costs "arising out of or in connection with" Defendant's breach.  Id. ¶ 10.

In December 2013, Defendant leased equipment to UNEX Corporation ("UNEX") and financed the transaction through Plaintiff.  Id. ¶ 11.  But Defendant did not own or have any rights to the leased equipment.  Id. ¶ 12.  The equipment was subject to another outstanding loan, which Defendant refinanced for more money and pocketed the difference between the amount Plaintiff paid to finance the transaction and buyout of the outstanding lease.  Id. ¶¶ 14-17.  The leased equipment, moreover, was used.  Id. ¶ 18.  Due to the breach, Plaintiff allegedly suffered $194,882.96 in damages.  Id. ¶ 21.

Plaintiff filed a Complaint on March 6, 2015, seeking monetary damages and attorney's fees.  Count 1, the sole cause of action, asserts claim for breach of contract.  Defendant was served with a summons and copy of the Complaint.  Executed Summons, Dkt. Nos. 4, 5.  The time to answer or otherwise move as to the Complaint has expired.  The Clerk entered default on June 10, 2015.  On July 15th, Plaintiff filed the instant motion for default judgment.  Dkt. No. 10.  To date, Defendant has not filed any opposition to the motion.

## II.  STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred."  Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008).  Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether

the plaintiff has proved damages.  See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011).  Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages.  See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default.  Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court concludes it has both subject matter jurisdiction over this dispute and personal jurisdiction over the defendants.  First, the Court has subject matter jurisdiction under 28 U.S.C. § 1332.  See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012).  Plaintiff is a Delaware company with a principal place of business in Connecticut, Defendant is a New Jersey corporation with a principal place of business in the state, and the amount in controversy is greater than $75,000.  Additionally, Plaintiff has provided the Court with proof of service on Defendant by serving Defendant's two presidents.  Dkt. Nos. 4, 5.

#### B. Liability

The Court concludes that Plaintiff has pled a breach of contract claim against the Defendant.  "To prove a breach of contract under New Jersey law, 'a plaintiff has the burden to

3

show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result.'" Red Roof Franchising, LLC v. Patel, 564 F. App'x 685, 688 (3d Cir. 2014). Plaintiff has pled the existence of a contractual relationship vis-à-vis the Agreement, that Defendant breached that agreement by leasing used equipment that was subject to an outstanding lien, and resulting damages.

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendant does not have a meritorious defense. See Ramada, 2012 WL 924385, at *5. Second, the Court finds that Plaintiff will suffer prejudice absent entry of default judgment as Plaintiff will have no other means of obtaining relief. Finally, the Court finds the Defendant acted culpably as it has been served with the Complaint, and, as a corporate entity, is not an infant, otherwise incompetent, or presently engaged in military service. See Super 8, 2014 WL 4388697, at *2; see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

Plaintiff seeks $194,882.96 in damages as well as attorney's fees and costs. Compl. ¶¶ 28-29. The Court finds that Plaintiff has not provided sufficient evidence of these damages. Plaintiff provides no other evidence for the amount claimed other than a certification that reiterates the allegations in the complaint and then concludes that, "GE has been damaged in the amount of

4

$194,882.96 due to ADC's breach of the [Agreement]." See Hinton Cert. ¶ 19, Dkt. No. 10-5.  On this record, the Court cannot determine the accuracy of the claimed damages amount with any reasonable certainty, and therefore is not satisfied that default judgment is appropriate.  See New Jersey Bldg. Laborers' Statewide Pension Fund & Trustees Thereof v. Pulaski Const., No. 13-519, 2014 WL 793563, at *4 (D.N.J. Feb. 26, 2014) (denying damages award due to insufficient proof). Plaintiff is directed to refile the motion by **March 17, 2016** with sufficient proof of damages.

### IV.     CONCLUSION

For the reasons set forth above, Plaintiff's motion for final judgment by default against Defendant is **DENIED WITHOUT PREJUDICE.**  An appropriate Form of Order accompanies this Opinion.

**Dated: February 25, 2016**

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States District Judge**