## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

CHAMBERS OF
MADELINE COX ARLEO
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST. ROOM 2060
NEWARK, NJ 07101
917-297-4903

October 28, 2016

VIA ECF

### LETTER ORDER

Re: **General Electric Capital Corporation v. Automated Digital Consultants, Inc.
Civil Action No. 15-1682**

Dear Litigants:

The Court is in receipt of Plaintiff General Electric Capital Corporation's ("Plaintiff") motion for final judgment by default against Defendant Automated Digital Consultants, Inc. ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b).

On March 6, 2015, Plaintiff filed a Complaint, alleging that Defendant had breached the Strategic Alliance Agreement between the parties. Dkt. No. 1. On June 9, 2015, Plaintiff requested an entry of default, which the Clerk entered on June 10, 2015. Dkt. Nos. 8-9. On July 15, 2015, Plaintiff moved for default judgment. Dkt. No. 10. On February 25, 2016, the Court issued an Order and Opinion denying Plaintiff's motion for default judgment without prejudice, for a failure to provide sufficient proof of damages. Dkt. Nos. 11-12.

On March 17, 2016, Plaintiff again moved for default judgment. Dkt. No. 15. In its motion papers, Plaintiff provided additional calculations of its damages. See Certification of Anthony Janney, Dkt. No. 15-5. However, there were at least two errors in Plaintiff's motion papers: (1) paragraph 21 of the Janney Certification featured two different calculations of damages, without any explanation for the differences in figures; and (2) Plaintiff asserted that it was entitled to 12% interest, see id. at Ex. D, but the Court was unable to determine where this interest calculation was derived from. Upon the Court's request, Plaintiff submitted additional documents in an attempt to cure these deficiencies. See Certification of James K. Haney, Dkt. No. 17.

While Plaintiff's most recent submission fixed the first error, it still fails to provide the Court with sufficient proof of the basis for the 12% interest rate. In particular, the second page of the GE Lease is illegible. See Certification of Anthony Janney, Dkt. No. 17-3, Ex. D. Accordingly, Plaintiff's motion is hereby **DENIED**, without prejudice to Plaintiff's right to resubmit its motion with the appropriate supporting evidence.

SO ORDERED.

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
UNITED STATES DISTRICT JUDGE