<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GENERAL ELECTRIC CAPITAL CORPORATION,**<br><br>*Plaintiff*,<br><br>v.<br><br>**AUTOMATED DIGITAL CONSULTANTS, INC.,**<br><br>*Defendant.* | **Civil Action No. 15-1682**<br><br>**OPINION** |

**ARLEO, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court on Plaintiff General Electric Capital Corporation's ("Plaintiff" or "GE")[1] motion for final judgment by default against Defendant Automated Digital Consultants, Inc. ("Defendant" or "ADC") pursuant to Federal Rule of Civil Procedure 55(b). For the reasons set forth herein, the motion is **GRANTED** in part and **DENIED** in part.

**I.    BACKGROUND**

In February 2008, GE and ADC entered into a Strategic Alliance Agreement ("Agreement"). Compl. ¶ 5, Dkt. No. 1. The Agreement allowed ADC to refer to GE any customers who wanted to finance or lease equipment that ADC manufactured or distributed. Id. ¶ 6. The Agreement contained a warranty that ADC would not enter into a transaction with GE if ADC was aware of "any fact or circumstance that would reasonably have a negative impact on

---

[1] On March 1, 2016, Wells Fargo acquired General Electric Capital Corporation's Vendor Finance business, which is now part of the Wells Fargo Vendor Financial Services business. Janney Cert. n. 1.

1

that Transaction, the Equipment or the financial condition or business of the applicable Customer . . . ." Id. ¶ 8. ADC also promised that it would only involve GE in transactions for new (as opposed to refurbished or remanufactured) equipment, unless GE otherwise approved in writing. Id. ¶ 9. Additionally, the Agreement contained a hold-harmless provision where ADC promised to indemnify GE for any losses suffered, including reasonable attorney's fees and costs "arising out of or in connection with" ADC's breach. Id. ¶ 10.

In December 2013, pursuant to the Agreement, ADC referred a customer, UNEX Corporation ("UNEX"), for the financing of 13 Konica Minolta Bizhub printers/copiers (the "Leased Equipment") through GE (the "GE Lease"). Janney Cert. ¶¶ 9-13; Compl. ¶ 11. GE paid Konica Minolta $178,516.48 to fund the lease of these pieces of equipment to UNEX. Janney Cert. ¶¶ 10-11. However, unbeknownst to GE at the time of the transaction with UNEX, ADC did not own or have any rights to the leased equipment, and the equipment was not new. Compl. ¶ 12; Janney Cert. ¶¶ 14-15, 18-20. In fact, at least some of the equipment was subject to another outstanding lease between UNEX and Konica Minolta, and was already on UNEX's property prior to the GE Lease. Janney Cert. ¶¶ 14-15. As a result, UNEX was billed by both GE and Konica Minolta for several pieces of equipment. Id. ¶ 16.

When GE requested that ADC provide proof of purchase and delivery of the Konica Minolta equipment to UNEX, ADC did not provide the supporting information. Id. ¶ 17. Rather, ADC advised GE that a former business partner had originated the deal and that they had since parted ways. Id. On November 4, 2014, GE declared ADC to be in breach of the Agreement, and demanded that ADC indemnify and hold GE harmless by paying all amounts due and owing from UNEX. See Janney Cert. Ex. G. ADC has thus far failed to do so. Janney Cert. ¶ 22. To date, UNEX has paid only $21,350.58 under the GE Lease. Id. ¶ 26.

2

On March 6, 2015, GE filed the instant Complaint, seeking monetary damages and attorney's fees for ADC's alleged breach of the Agreement. GE asserts that ADC breached the terms of the Agreement by referring UNEX to GE for funding despite the fact that ACD did not have possession of the Leased Equipment, knew that the Leased Equipment was subject to outstanding liens by Konica Minolta, and was aware that the Leased Equipment was not new. Id. ¶¶ 18-21. GE alleges that it has been damaged in the amount of $157,985.80. Id. ¶¶ 25-26.

ADC was served with a summons and copy of the Complaint. See Executed Summonses, Dkt. Nos. 4, 5. The time to answer or otherwise move as to the Complaint has expired. Upon GE's request, the Clerk entered default on June 10, 2015. See Dkt. Nos. 8-9. On July 15, 2015, GE moved for default judgment. Dkt. No. 10. In an Opinion dated February 25, 2016, the Court held that while GE had shown that it had met the jurisdiction and service, liability, and appropriateness of default judgment prongs, it was not entitled to default judgment because it had not provided sufficient evidence of damages. Dkt. No. 11. Over the ensuing months, GE submitted two additional motions and one certification in an effort to adequately support its damages claims. Dkt. Nos. 15, 17, 19. Because these still fell short of providing sufficient proof of damages, the Court denied both motions without prejudice. Dkt. Nos. 18, 20. On November 22, 2016, GE renewed its motion for default judgment. Dkt. No. 21. On December 14, 2016, the Court held oral argument on the motion. See Dkt. No. 25. Due to a failure of proofs as to both liability and damages, the Court vacated its February 25, 2016 Order and Opinion and denied GE's motion for default judgment. Dkt. No. 24.

On January 30, 2017, GE filed a renewed motion for default judgment. Dkt. No. 26. To date, ADC has not filed any opposition to the motion.

## II.     STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

## III.    ANALYSIS

In its February 25, 2016 Opinion, the Court concluded that GE had met the first three elements to establish entitlement to a default judgment, but denied GE's motion because it had not sufficiently proven damages. After holding oral argument on the motion in December 2016, the Court vacated its February 25, 2016 Opinion. The Court will therefore examine all four of the default judgment elements.

### A. Jurisdiction & Service

The Court concludes that it has both subject matter jurisdiction over this dispute and personal jurisdiction over ADC. The Court has subject matter jurisdiction by virtue of diversity jurisdiction under 28 U.S.C. § 1332 because GE is a Delaware corporation with a principal place of business in Connecticut, ADC is a New Jersey corporation with a principal place of business in the state, and there is an amount in controversy that exceeds $75,000. Compl. ¶ 3. Additionally, GE has provided the Court with proof of service on ADC's two presidents in New Jersey. See Executed Summonses, Dkt. Nos. 4, 5.

### B. Liability

To state a claim for breach of contract in New Jersey, a plaintiff must allege: (1) the existence of a valid contract between the parties; (2) that Defendant breached the contract; and (3) that Plaintiff suffered damages due to the breach. AT & T Credit Corp. v. Zurich Data Corp., 37 F. Supp. 2d 367, 370 (D.N.J. 1999). Here, GE has alleged that: (1) there was a contractual relationship between the parties pursuant to the Strategic Alliance Agreement, see Compl. ¶¶ 5, 24; (2) ADC breached the Agreement by referring UNEX to GE for funding despite the fact that ADC did not have possession of the Leased Equipment, knew that at least some of the Leased Equipment was subject to outstanding liens, and was aware that the Leased Equipment was not new, see id. ¶¶ 12-20, 25-27; and (3) GE suffered damages, see id. ¶¶ 21, 28-29. And although ADC was required to indemnify and hold GE harmless for any damages suffered due to any breach by ADC under the Agreement, ADC has refused to do so. See Compl. ¶ 10; Janney Cert. ¶¶ 22-24. Therefore, GE has sufficiently alleged a breach of contract by ADC.

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability

of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, ADC does not have a meritorious defense. See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *5 (D.N.J. Mar. 19, 2012). Second, the Court finds that GE will suffer prejudice absent entry of default judgment, as it would have no other means of obtaining relief. See Gen. Elec. Capital Corp. v. SSP Partners, No. 09-4412, 2010 WL 597193, at *2 (D.N.J. Feb. 18, 2010) (holding that GE would suffer prejudice absent the entry of default judgment, because "the longer Plaintiff does not receive payment, the more it is harmed"). Finally, the Court finds that ADC acted culpably as it has been served with the Complaint, and, as a corporate entity, is not an infant or otherwise incompetent, or presently engaged in military service. See Haney Cert. ¶¶ 5-8; Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

GE requests a default judgment in the amount of $157,985.80. It has met its burden for most of this sum.

GE first requests $157,165.90—the amount that it lost as a result of ADC's breach of the Agreement. After ADC referred UNEX to GE for funding, GE paid $178,516.48 to Konica Minolta to fund the lease of thirteen pieces of office equipment to UNEX. See Janney Cert. ¶¶ 9-13; Janney Cert., Ex. D. Throughout the contract term, UNEX paid only $21,350.58 to GE. Janney Cert. ¶¶ 26-28; see also Janney Cert. Ex. I. Although ADC agreed to indemnify and hold GE harmless for any losses GE sustained as a result of ADC's breach of the Agreement, ADC has thus far refused to re-purchase the transaction. See Janney Cert. ¶ 22. Therefore, GE seeks a judgment in the amount of the principal of $178,516.48, minus the $21,350.58 already paid by UNEX, for a

total of $157,165.90.  Janney Cert. ¶¶ 25-27.  In support of this request, GE has submitted an itemized breakdown of its requested damages, see Janney Cert. Ex. H; a copy of the invoices and wire transfers demonstrating GE's funding of the transaction, see Janney Cert. Exs. B, C; and a copy of UNEX's payment history, see Janney Cert. Ex. I.  The Court has reviewed these documents and holds that GE has met its burden to prove that it is entitled to the remaining balance of $157,165.90.[2]

GE also requests $519.90 for costs and disbursements.  Haney Cert. ¶¶ 9-11.  GE has provided no evidence of these damages, outside of a conclusory statement in its certification.  The Court therefore denies Plaintiff's request for costs and disbursements without prejudice.  See, e.g., Aspen Grp., Inc. v. Higher Educ. Mgmt. Grp., Inc., No. 14-7194, 2015 WL 5722600, at *4 (D.N.J. Sept. 29, 2015).

Finally, GE requests a return of funding fee of $300.  Janney Cert. ¶ 26.  It does not provide any basis for this demand.  The Court therefore denies this request without prejudice.

### IV.  CONCLUSION

For the reasons set forth above, Plaintiff's motion for final judgment by default against Defendant is **GRANTED** in part and **DENIED** in part without prejudice, and judgment shall be entered against Defendant in the amount of $157,165.90.  An appropriate Order accompanies this Opinion.

**Dated:  February 15, 2017**

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States District Judge**

---

[2] The Court notes that although GE previously requested interest on the unpaid principal, the instant motion does not seek interest.